UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | | |
|---|---|---|
| **L.D. BOZIAN,** | : | |
| | : | |
| Plaintiff, | : | Case No. 3:18-CV-282-DJH |
| | : | |
| vs. | : | **NOTICE OF REMOVAL** |
| | : | **(28 U.S.C. § 1446)** |
| **THE COURIER-JOURNAL, INC., et al.,** | : | |
| | : | |
| | : | |
| Defendants. | | |

1.      The Courier-Journal, Inc. ("The Courier-Journal") is a defendant in the civil action brought on April 11, 2018, in the Circuit Court for Jefferson County, Kentucky. Pursuant to Sections 1441 and 1446 of Title 28 of the United States Code, The Courier-Journal removes this action to the United States District Court for the Western District of Kentucky, Louisville Division, which is the federal judicial district and division in which the action being removed is pending.

2.      Defendant Gannett Co., Inc. ("Gannett") is also represented by the undersigned counsel, and consents to this removal in every way and in compliance with 28 U.S.C. § 1446.

3.      The grounds for removal of this action are as follows:

### Plaintiff's Allegations

4.      On April 11, 2018, Plaintiff L.D. Bozian ("Plaintiff") filed a Complaint in the Circuit Court for Jefferson County, Kentucky, Case No. 18-CI-002059.

5.      In her Complaint, Plaintiff alleges that she was married to Bruce Bozian, an employee "of the Courier Journal [sic] and/or the Gannett Co., Inc., in

Louisville Kentucky,"[1] and that Mr. Bozian passed away on September 7, 2016. (Compl. ¶ 2.) (The Courier-Journal and Gannett are hereinafter referred to collectively as "Defendants").

6.      Plaintiff further alleges that Mr. Bozian was "a member of a group life insurance policy offered to Courier Journal Inc. [sic] and/or Gannett Co. Inc., employees . . ." ("Group Life Insurance Plan"), and that under the terms of the Group Life Insurance Plan, Plaintiff was entitled to a death benefit payable to her by Metropolitan Life Insurance Company ("Met Life") upon her husband's death. (*Id.*)

7.      Plaintiff states that she made a claim for the death benefit, but that Met Life "failed to pay the total proceeds due to [her] under the policy." (Compl. ¶¶ 3-4.)

8.      Plaintiff alleges that the denial of her full claim for benefits was because Defendants allegedly "without authorization, altered, changed, or modified the contractual benefits due the plaintiff, thereby breaching the life insurance contract in which she had a protected interest as a beneficiary." (Compl. ¶ 4.)

9.      Plaintiff also alleges that Defendants' alleged failure to ensure that Met Life paid the entire death benefit under the Group Life Insurance Plan "constitutes fraud." (Compl. ¶ 6.)

---

[1] Mr. Bozian was in fact employed by Gannett Publishing Services, LLC ("GPS"). GPS is a division of Gannett Satellite Information Network, LLC, which is in turn a subsidiary of Gannett Co., Inc.

10.     By her Complaint, Plaintiff seeks as damages "a full payment of expected and promised death benefits" under the Group Life Insurance Plan. (Compl. ¶ 7.)

11.     A part or all of the premiums paid for the death benefits available under the Group Life Insurance Plan were paid by Gannett. Thus, the Group Life Insurance Plan constitutes an "employee welfare benefit plan" within the meaning of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.*

## Subject Matter Jurisdiction

12.     This Court would have had original subject matter jurisdiction of this action under 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e) if the action had originally been brought in federal court. Removal is therefore proper under 28 U.S.C. § 1441(a).

13.     28 U.S.C. § 1331 provides this Court with subject matter jurisdiction of all civil actions arising under the laws of the United States.

14.     29 U.S.C. § 1132(e)(1) confers federal district courts with original subject matter jurisdiction over claims initiated by plan beneficiaries to recover benefits due or to enforce rights under employee benefit plans governed by ERISA.

15.     29 U.S.C. § 1132(a) "completely preempts any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy because such actions conflict with the clear congressional intent to make the ERISA

remedy exclusive." *Milby v. MCMC LLC*, 844 F.3d 605, 609 (6th Cir. 2016) (internal quotations and original formatting omitted).

16.    A state-law cause of action is completely preempted under § 1132(a) where:

> (1) the plaintiff complains about the denial of benefits to which [she] is entitled only because of the terms of the ERISA-regulated employee benefit plan; and (2) the plaintiff does not allege the violation of any legal duty (state or federal) independent of ERISA or the plan terms.

*Milby*, 644 F.3d at 610 (quoting *Aetna Health Inc. v. Davila* ("*Davila*"), 542 U.S. 200 (2004)).

17.    In applying the U.S. Supreme Court's *Davila* test, "it is not the label placed on state law claim that determines whether it is preempted, but whether in essence such a claim is for the recovery of an ERISA plan benefit." *Hogan v. Jacobson*, 823 F.3d 872, 880 (6th Cir. 2016) (internal quotations omitted). "A claim likely falls within the scope of § 1132 when the only action complained of is a refusal to provide benefits under an ERISA plan and the only relationship between the plaintiff and defendant is based on the plan." *Milby*, 644 F.3d at 610 (internal quotations omitted).

18.    The Group Life Insurance Plan is an ERISA-regulated employee benefit plan.

19.    Plaintiff's claims against Defendants arise solely from the alleged denial of a benefit under the Group Life Insurance Plan, as she seeks "a full payment of expected and promised death benefits" under that plan from Defendants. (Compl. ¶ 7.)

20.     The only relationship between Plaintiff and Defendants is based on Plaintiff's allegation that she is a beneficiary under the Group Life Insurance Plan by virtue of her late husband's participation in the plan. (Compl. ¶2.)

21.     The claims Plaintiff asserts in her Complaint are thus completely preempted by 29 U.S.C. § 1132(a) under *Davila*, and this Court may therefore exercise subject matter jurisdiction over Plaintiff's claims.

22.     To the extent Plaintiff asserts any other bases for relief in the Complaint that are not preempted by § 1132(a), any such actions arise out of the same set of facts, and are part of the same case and controversy, so that this court has supplemental jurisdiction over them pursuant to 28 U.S.C. § 1367(a).

## Procedural Requirements

23.     This Notice of Removal is timely under Sections 1446(b) and (c) of Title 28 of the United States Code because Bozian's Complaint in this action was served on The Courier-Journal no earlier than April 13, 2018.

24.     This Notice of Removal has been filed within 30 days of The Courtier-Journal's receipt of Bozian's Complaint by service of process, and within one year of the commencement of the action, so that it is timely filed under 28 U.S.C. § 1441(b)(1), (c).

25.     Pursuant to 28 U.S.C. § 1446(a), The Courier-Journal attaches to this notice and incorporates by reference copies of the following papers, which are all of the process, pleadings, and orders served on its prior to its removal of this action:

A.   *Complaint* filed in the Circuit Court for Jefferson County, Kentucky, Case No. 18-CI-002059, marked as **Exhibit 1**.

B.   *Summons to The Courier Journal Inc.* in the case of *Bozian v. The Courier Journal Inc., et al.*, Case No. 18-CI-002059, served on April 13, 2018, marked as **Exhibit 2**.

Dated: May 3, 2018

                                              Respectfully submitted,

*Of Counsel:*                                 s/ Darren W. Ford
                                              **Darren W. Ford**
R. Kenneth Wellington                         GRAYDON HEAD & RITCHEY LLP
GRAYDON HEAD & RITCHEY LLP                     2400 Chamber Center Dr.
312 Walnut Street                             Suite 300
Suite 1800                                    Ft. Mitchell, KY 41017
Cincinnati, OH 45202                          Phone:  (859) 578-7263
Phone: (513) 621-2812                         Fax:     (859) 578-3073
Fax:     (513) 651-3836                       Email:  dford@graydon.com

                                              *ATTORNEYS FOR THE*
                                              *COURIER-JOURNAL, INC. AND*
                                              *GANNETT CO., INC.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing Notice of Removal was mailed to the following attorneys by U.S. Mail Service, postage prepaid, this 3rd day of May, 2018:

J. Bart McMahon, Esq.
119 South Seventh Street, Fourth Floor
Louisville, KY 40202
(502) 589-4713
jbartmc@mac.com

COUNSEL FOR PLAINTIFF L.D. BOZIAN

/s/ Darren W. Ford_____
**Darren W. Ford**

8594053.1